# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

COURTHOUSE NEWS SERVICE,

Plaintiff,

v.

JOANNA STATON, *in her official capacity as Bell County District Clerk*; GLORIA A. MARTINEZ, *in her official capacity as Bexar County District Clerk*; CASSANDRA TIGNER, *in her official capacity as Brazoria County District Clerk*; GABRIEL GARCIA, *in his official capacity as Brazos County District Clerk*; CASIE WALKER, *in her official capacity as Burnet County District Clerk*; MICHAEL GOULD, *in his official capacity as Collin County District Clerk*; DAVID TRANTHAM, *in his official capacity as Denton County District Clerk*; CLARISSA WEBSTER, *in her official capacity as Ector County District Clerk*; MELANIE REED, *in her official capacity as Ellis County District Clerk*; NORMA FAVELA BARCELEAU, *in her official capacity as El Paso County District Clerk*; JOHN D. KINARD, *in his official capacity as Galveston County District Clerk*; LAURA HINOJOSA, *in her official capacity as Hidalgo County District Clerk*; JAMIE SMITH, *in his official capacity as Jefferson County District Clerk*; DAVID LLOYD, *in his official capacity as Johnson County District Clerk*; JON GIMBLE, *in his official capacity as McLennan County District Clerk*; ALEX ARCHULETA, *in his official capacity as Midland County District Clerk*; MELISA MILLER, *in her official capacity as Montgomery County District Clerk*; LORETTA CAMMACK, *in her official capacity as Nacogdoches County District Clerk*; ANNE LORENTZEN, *in her official capacity as Nueces County District Clerk*; STEPHANIE MENKE, *in her official capacity as Potter County District*

Court Case No.  4:24-cv-00368

1

*Clerk*; TAMMY ROBINSON, *in her official capacity as Taylor County District Clerk*; and MEGAN LAVOIE, *in her official capacity as Director for the Texas Office of Court Administration.*

Defendants.

### AMENDED FIRST AMENDED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff, Courthouse News Services ("Courthouse News"), by and through its undersigned attorneys, alleges as follows against Defendants, Joanna Staton, in her official capacity as Bell County District Clerk ("Staton"); Gloria A. Martinez, in her official capacity as Bexar County District Clerk ("Martinez"); Cassandra Tigner, in her official capacity as Brazoria County District Clerk ("Tigner"); Gabriel Garcia, in his official capacity as Brazos County District Clerk ("Garcia"); Casie Walker, in her official capacity as Burnet County District Clerk ("Walker"); Michael Gould, in his official capacity as Collin County District Clerk ("Gould"); Hon. David Trantham, in his official capacity as Denton County District Clerk ("Trantham"); Clarissa Webster, in her official capacity as Ector County District Clerk ("Webster"); Melanie Reed, in her official capacity as Ellis County District Clerk ("Reed"); Norma Favela Barceleau, in her official capacity as El Paso County District Clerk ("Barceleau"); John D. Kinard, in his official capacity as Galveston County District Clerk ("Kinard"); Laura Hinojosa, in her official capacity as Hidalgo County District Clerk ("Hinojosa"); Jamie Smith, in his official capacity as Jefferson County District Clerk ("Smith"); Hon. David Lloyd, in his official capacity as Johnson County District Clerk ("Lloyd"); Jon Gimble, in his official capacity as McLennan County District Clerk ("Gimble"); Alex Archuleta, in his official capacity as Midland County District Clerk ("Archuleta"); Melisa Miller, in her official capacity as Montgomery County District Clerk

("Miller"); Loretta Cammack, in her official capacity as Nacogdoches County District Clerk ("Cammack"); Anne Lorentzen, in her official capacity as Nueces County District Clerk ("Lorentzen"); Stephanie Menke, in her official capacity as Potter County District Clerk ("Menke"); Hon. Tammy Robinson, in her official capacity as Taylor County District Clerk ("Robinson") (collectively the "District Clerk Defendants"); Megan LaVoie, in her official capacity as Director for the Texas Office of Court Administration ("LaVoie") (the District Clerk Defendants and LaVoie are collectively referred to as "Defendants").

## INTRODUCTION

1.    Plaintiff Courthouse News brings this action challenging Defendants' practice of restricting access to new e-filed civil petitions filed with the District Clerk Defendants when the petitions are received and withholding access until after the completion of clerical processing by local clerk staff.

2.    E-Filing is mandatory for all attorneys filing new petitions in civil cases across all state district courts. While not required, non-attorney filers are encouraged to file electronically as well. To facilitate statewide e-filing, the Texas Office of Court Administration ("OCA") procured a contract with an e-filing vendor, Tyler Technologies, Inc. ("Tyler"), to provide e-filing to all Texas courts through Tyler's File & Serve system, which is branded as "e-File Texas" for use in Texas.

3.    The Texas e-filing system—File & Serve—works off a central component called the Electronic Filing Manager ("EFM"), which receives and houses documents submitted by filers throughout the state. E-filed petitions remain in the EFM until local court staff have completed administrative processing, which typically culminates in the petition being "accepted," but sometimes results in the petition being "returned for correction" or "rejected."  District clerks can

use a separate Tyler product called the Press Review Tool to enable the press and public to view new e-filed petitions while they sit in the EFM awaiting processing.  Otherwise, the new e-filed petitions sit in the EFM, effectively sealed, until local clerk staff are able to log into their computer workstations and process them.

4.      The OCA has contracted with Tyler to provide the Press Review Tool to each district clerk that requests it.  The Travis County District Clerk implemented the Press Review Tool in September 2022, and it has operated successfully since then to provide the press and public with on-receipt access to new e-filed civil petitions.

5.      The current Technology Standards promulgated by the Texas Judicial Council for Information Technology state that "[a]bsent extraordinary circumstances, clerks must accept, return for correction, or reject documents as so authorized on the same business day they are received by the clerk's office and no later than the next business day when circumstances make it impracticable to do so on the same business day." Technology Standards v8.0, § 4.8.3 (Feb. 2024). As a practical matter, however, newly e-filed civil petitions in some district courts routinely remain in the EFM until at least the day after the district clerk receives them.  Fortunately, district clerk staff taking a long time to complete administrative processing of e-filed civil petitions is not problematic as long as the district clerk has implemented the Press Review Tool to enable the press and public to access new petitions irrespective of processing status.

6.      On January 6, 2024, Courthouse News wrote to the district clerks for the counties of Dallas, Collin, and Denton requesting that they implement the Press Review Tool to provide access to new e-filed civil petitions when they are received by the clerks. **Exhibits 1-3.** The Dallas County District Clerk agreed to this request and implemented the Press Review Tool as of May 2024.  The district clerks for Bexar, El Paso, Nacogdoches, and Nueces counties received similar

letters sent on May 31, 2024.  **Exhibits 4-7**. The district court clerks for Bell, Brazoria, Brazos, Burnet, Ector, Ellis, Galveston, Hidalgo, Jefferson, Johnson, McLennan, Midland, Montgomery, Potter, and Taylor  counties received similar letters sent on June 21, 2024.  **Exhibits 8-22**.  The District Clerk Defendants did not respond to Courthouse News' letters or refused to implement the Press Review Tool, and they continue their practice of restricting access to new e-filed civil petitions until after completion of clerical processing.

7.      Courthouse News challenges Defendants' policy and practice of withholding public and press access to new civil petitions e-filed in the respective counties for the District Clerk Defendants until after the completion of administrative processing by local District Clerk Defendants' staff. Courthouse News seeks a declaratory judgment declaring Defendants' policies and practices that affect delays in access to newly e-filed civil petitions are unconstitutional, and a preliminary and permanent injunction prohibiting Defendants from continuing those policies and practices.

## JURISDICTION AND VENUE

8.      Courthouse News' claims arise under the First and Fourteenth Amendments to the United States Constitution and the Civil Rights Act, Title 42 U.S.C. § 1983, *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights), and 2201 (declaratory relief). Defendants are subject to personal jurisdiction in this District.

9.      Venue is proper in this District under 28 U.S.C. § 1391(b), and in this Division, because the District Clerks in Collin and Denton counties operate in this District and in this Division, the District Clerks of Jefferson and Nacogdoches operate in this District and the Director of the OCA is responsible for procuring and supplying the statewide e-filing and public access systems used by the District Clerk Defendants. A substantial part of the events or omissions giving

40897023v.1

rise to Courthouse News' claims occurred in this District and in this Division. The First Amendment violations giving rise to this action took place, and continue to take place, in the offices of each of the Defendants.

## PARTIES

10.    Courthouse News is a nationwide news service founded almost 30 years ago. Courthouse News now employs approximately 240 people, most of them editors and reporters, covering state and federal trial and appellate courts in all 50 states.

11.    Defendant Joanna Staton is the District Clerk for Bell County District Court and is named as a defendant herein in her official capacity. Defendant Staton, in her official capacity as District Clerk, is responsible for, among other things, access to new civil petitions filed in Bell County and has the ability to provide access at the time of receipt. Acting in her official capacity, Defendant Staton and those acting under her direction and supervision are directly involved with and responsible for the restriction in access to new petitions experienced by Courthouse News, other members of the press, and the public, which acts reflect the official policies and practices of her office. Defendant Staton and those acting under her direction have the ability to provide access to new civil petitions e-filed in Bell County District Court at the time of receipt.

12.    Defendant Gloria A. Martinez is the District Clerk for Bexar County District Court and is named as a defendant herein in her official capacity. Defendant Martinez, in her official capacity as District Clerk, is responsible for, among other things, access to new civil petitions filed in Bexar County and has the ability to provide access at the time of receipt. Acting in her official capacity, Defendant Martinez and those acting under her direction and supervision are directly involved with and responsible for the restriction in access to new petitions experienced by Courthouse News, other members of the press, and the public, which acts reflect the official

policies and practices of her office. Defendant Martinez and those acting under her direction have the ability to provide access to new civil petitions e-filed in Bexar County District Court at the time of receipt.

13.     Defendant Cassandra Tigner is the District Clerk for Brazoria County District Court and is named as a defendant herein in her official capacity. Defendant Tigner, in her official capacity as District Clerk, is responsible for, among other things, access to new civil petitions filed in Brazoria County and has the ability to provide access at the time of receipt. Acting in her official capacity, Defendant Tigner and those acting under her direction and supervision are directly involved with and responsible for the restriction in access to new petitions experienced by Courthouse News, other members of the press, and the public, which acts reflect the official policies and practices of her office. Defendant Tigner and those acting under her direction have the ability to provide access to new civil petitions e-filed in Brazoria County District Court at the time of receipt.

14.     Defendant Gabriel Garcia is the District Clerk for Brazos County District Court and is named as a defendant herein in his official capacity. Defendant Garcia, in his official capacity as District Clerk, is responsible for, among other things, access to new civil petitions filed in Brazos County and has the ability to provide access at the time of receipt. Acting in his official capacity, Defendant Garcia and those acting under his direction and supervision are directly involved with and responsible for the restriction in access to new petitions experienced by Courthouse News, other members of the press, and the public, which acts reflect the official policies and practices of his office. Defendant Garcia and those acting under his direction have the ability to provide access to new civil petitions e-filed in Brazos County District Court at the time of receipt.

40897023v.1

15.     Defendant Casie Walker is the District Clerk for Burnet County District Court and is named as a defendant herein in her official capacity. Defendant Walker, in her official capacity as District Clerk, is responsible for, among other things, access to new civil petitions filed in Burnet County and has the ability to provide access at the time of receipt. Acting in her official capacity, Defendant Walker and those acting under her direction and supervision are directly involved with and responsible for the restriction in access to new petitions experienced by Courthouse News, other members of the press, and the public, which acts reflect the official policies and practices of her office. Defendant Walker and those acting under her direction have the ability to provide access to new civil petitions e-filed in Burnet County District Court at the time of receipt.

16.     Defendant Michael Gould is the District Clerk for Collin County District Court and is named as a defendant herein in that official capacity. Defendant Gould, in his official capacity as District Clerk, is responsible for, among other things, access to new civil petitions filed in Collin County and has the ability to provide access at the time of receipt. Acting in his official capacity, Defendant Gould and those acting under his direction and supervision are directly involved with and responsible for the restriction in access to new petitions experienced by Courthouse News, other members of the press, and the public, which acts reflect the official policies and practices of his office. Defendant Gould and those acting under his direction have the ability to provide access to new civil petitions e-filed in Collin County District Court at the time of receipt.  Defendant Gould is represented by counsel who has made an appearance.

17.     Defendant David Trantham is the District Clerk for Denton County District Court and is named as a defendant herein in his official capacity. Defendant Trantham, in his official capacity as District Clerk, is responsible for, among other things, access to new civil petitions filed in Denton County and has the ability to provide access at the time of receipt. Acting in his official

40897023v.1

capacity, Defendant Trantham and those acting under his direction and supervision are directly involved with and responsible for the restriction in access to new petitions experienced by Courthouse News, other members of the press, and the public, which acts reflect the official policies and practices of his office. Defendant Trantham and those acting under his direction have the ability to provide access to new civil petitions e-filed in Denton County District Court at the time of receipt.  Defendant Trantham is represented by counsel who has made an appearance.

18.    Defendant Clarissa Webster is the District Clerk for Ector County District Court and is named as a defendant herein in her official capacity. Defendant Webster, in her official capacity as District Clerk, is responsible for, among other things, access to new civil petitions filed in Ector County and has the ability to provide access at the time of receipt. Acting in her official capacity, Defendant Webster and those acting under her direction and supervision are directly involved with and responsible for the restriction in access to new petitions experienced by Courthouse News, other members of the press, and the public, which acts reflect the official policies and practices of her office. Defendant Webster and those acting under her direction have the ability to provide access to new civil petitions e-filed in Ector County District Court at the time of receipt.

19.    Defendant Melanie Reed is the District Clerk for Ellis County District Court and is named as a defendant herein in her official capacity. Defendant Reed, in her official capacity as District Clerk, is responsible for, among other things, access to new civil petitions filed in Ellis County and has the ability to provide access at the time of receipt. Acting in her official capacity, Defendant Reed and those acting under her direction and supervision are directly involved with and responsible for the restriction in access to new petitions experienced by Courthouse News, other members of the press, and the public, which acts reflect the official policies and practices of

her office. Defendant Reed and those acting under her direction have the ability to provide access to new civil petitions e-filed in Ellis County District Court at the time of receipt.

20.    Defendant Norma Favela Barceleau is the District Clerk for El Paso County District Court and is named as a defendant herein in her official capacity. Defendant Barceleau, in her official capacity as District Clerk, is responsible for, among other things, access to new civil petitions filed in El Paso County and has the ability to provide access at the time of receipt. Acting in her official capacity, Defendant Barceleau and those acting under her direction and supervision are directly involved with and responsible for the restriction in access to new petitions experienced by Courthouse News, other members of the press, and the public, which acts reflect the official policies and practices of her office. Defendant Barceleau and those acting under her direction have the ability to provide access to new civil petitions e-filed in El Paso County District Court at the time of receipt.

21.    Defendant John D. Kinard is the District Clerk for Galveston County District Court and is named as a defendant herein in his official capacity. Defendant Kinard, in his official capacity as District Clerk, is responsible for, among other things, access to new civil petitions filed in Galveston County and has the ability to provide access at the time of receipt. Acting in his official capacity, Defendant Kinard and those acting under his direction and supervision are directly involved with and responsible for the restriction in access to new petitions experienced by Courthouse News, other members of the press, and the public, which acts reflect the official policies and practices of his office. Defendant Kinard and those acting under his direction have the ability to provide access to new civil petitions e-filed in Galveston County District Court at the time of receipt.

40897023v.1

22.     Defendant Laura Hinojosa is the District Clerk for Hidalgo County District Court and is named as a defendant herein in her official capacity. Defendant Hinojosa, in her official capacity as District Clerk, is responsible for, among other things, access to new civil petitions filed in Hidalgo County and has the ability to provide access at the time of receipt. Acting in her official capacity, Defendant Hinojosa and those acting under her direction and supervision are directly involved with and responsible for the restriction in access to new petitions experienced by Courthouse News, other members of the press, and the public, which acts reflect the official policies and practices of her office. Defendant Hinojosa and those acting under her direction have the ability to provide access to new civil petitions e-filed in Hidalgo County District Court at the time of receipt.

23.     Defendant Jamie Smith is the District Clerk for Jefferson County District Court and is named as a defendant herein in his official capacity. Defendant Smith, in his official capacity as District Clerk, is responsible for, among other things, access to new civil petitions filed in Jefferson County and has the ability to provide access at the time of receipt. Acting in his official capacity, Defendant Smith and those acting under his direction and supervision are directly involved with and responsible for the restriction in access to new petitions experienced by Courthouse News, other members of the press, and the public, which acts reflect the official policies and practices of his office. Defendant Smith and those acting under his direction have the ability to provide access to new civil petitions e-filed in Jefferson County District Court at the time of receipt.

24.     Defendant Hon. David Lloyd is the District Clerk for Johnson County District Court and is named as a defendant herein in his official capacity. Defendant Lloyd, in his official capacity as District Clerk, is responsible for, among other things, access to new civil petitions filed in Johnson County and has the ability to provide access at the time of receipt. Acting in his official

capacity, Defendant Lloyd and those acting under his direction and supervision are directly involved with and responsible for the restriction in access to new petitions experienced by Courthouse News, other members of the press, and the public, which acts reflect the official policies and practices of his office. Defendant Lloyd and those acting under his direction have the ability to provide access to new civil petitions e-filed in Johnson County District Court at the time of receipt.

25.     Defendant Jon Gimble is the District Clerk for McLennan County District Court and is named as a defendant herein in his official capacity. Defendant Gimble, in his official capacity as District Clerk, is responsible for, among other things, access to new civil petitions filed in McLennan County and has the ability to provide access at the time of receipt. Acting in his official capacity, Defendant Gimble and those acting under his direction and supervision are directly involved with and responsible for the restriction in access to new petitions experienced by Courthouse News, other members of the press, and the public, which acts reflect the official policies and practices of his office. Defendant Gimble and those acting under his direction have the ability to provide access to new civil petitions e-filed in McLennan County District Court at the time of receipt.

26.     Defendant Alex Archuleta is the District Clerk for Midland County District Court and is named as a defendant herein in his official capacity. Defendant Archuleta, in his official capacity as District Clerk, is responsible for, among other things, access to new civil petitions filed in Midland County and has the ability to provide access at the time of receipt. Acting in his official capacity, Defendant Archuleta and those acting under his direction and supervision are directly involved with and responsible for the restriction in access to new petitions experienced by Courthouse News, other members of the press, and the public, which acts reflect the official

policies and practices of his office. Defendant Archuleta and those acting under his direction have the ability to provide access to new civil petitions e-filed in Midland County District Court at the time of receipt.

27.    Defendant Melisa Miller is the District Clerk for Montgomery County District Court and is named as a defendant herein in her official capacity. Defendant Miller, in her official capacity as District Clerk, is responsible for, among other things, access to new civil petitions filed in Montgomery County and has the ability to provide access at the time of receipt. Acting in her official capacity, Defendant Miller and those acting under her direction and supervision are directly involved with and responsible for the restriction in access to new petitions experienced by Courthouse News, other members of the press, and the public, which acts reflect the official policies and practices of her office. Defendant Miller and those acting under her direction have the ability to provide access to new civil petitions e-filed in Montgomery County District Court at the time of receipt.

28.    Defendant Loretta Cammack is the District Clerk for Nacogdoches County District Court and is named as a defendant herein in her official capacity. Defendant Cammack, in her official capacity as District Clerk, is responsible for, among other things, access to new civil petitions filed in Nacogdoches County and has the ability to provide access at the time of receipt. Acting in her official capacity, Defendant Cammack and those acting under her direction and supervision are directly involved with and responsible for the restriction in access to new petitions experienced by Courthouse News, other members of the press, and the public, which acts reflect the official policies and practices of her office. Defendant Cammack and those acting under her direction have the ability to provide access to new civil petitions e-filed in Nacogdoches County District Court at the time of receipt.

40897023v.1

29.     Defendant Anne Lorentzen is the District Clerk for Nueces County District Court and is named as a defendant herein in her official capacity. Defendant Lorentzen, in her official capacity as District Clerk, is responsible for, among other things, access to new civil petitions filed in Nueces County and has the ability to provide access at the time of receipt. Acting in her official capacity, Defendant Lorentzen and those acting under her direction and supervision are directly involved with and responsible for the restriction in access to new petitions experienced by Courthouse News, other members of the press, and the public, which acts reflect the official policies and practices of her office. Defendant Lorentzen and those acting under her direction have the ability to provide access to new civil petitions e-filed in Nueces County District Court at the time of receipt.

30.     Defendant Stephnie Menke is the District Clerk for Potter County District Court and is named as a defendant herein in her official capacity. Defendant Menke, in her official capacity as District Clerk, is responsible for, among other things, access to new civil petitions filed in Potter County and has the ability to provide access at the time of receipt. Acting in her official capacity, Defendant Menke and those acting under her direction and supervision are directly involved with and responsible for the restriction in access to new petitions experienced by Courthouse News, other members of the press, and the public, which acts reflect the official policies and practices of her office. Defendant Menke and those acting under her direction have the ability to provide access to new civil petitions e-filed in Potter County District Court at the time of receipt.

31.     Defendant Hon. Tammy Robinson is the District Clerk for Taylor County District Court and is named as a defendant herein in her official capacity. Defendant Robinson, in her official capacity as District Clerk, is responsible for, among other things, access to new civil

petitions filed in Taylor County and has the ability to provide access at the time of receipt. Acting in her official capacity, Defendant Robinson and those acting under her direction and supervision are directly involved with and responsible for the restriction in access to new petitions experienced by Courthouse News, other members of the press, and the public, which acts reflect the official policies and practices of his office. Defendant Robinson and those acting under her direction have the ability to provide access to new civil petitions e-filed in Taylor County District Court at the time of receipt.

32.    Defendant LaVoie, in her official capacity as Administrator of the OCA, is responsible for, among other things, the administration of the statewide e-filing system used by Texas Courts, and public access to court records through those systems, including through any systems licensed from or otherwise provided by third parties. Defendant LaVoie and those acting under her direction have the ability to provide access to new civil petitions at the time of receipt. Attached as **Exhibit 23** is a true and correct copy of an amendment to the statewide e-filing contract, signed by Defendant LaVoie on June 24, 2022, between OCA and Tyler pursuant to which the OCA authorized Tyler to provide pre-processing access to new e-filed civil petitions in all district courts of Texas through the Press Review Tool. The ability of Courthouse News or any county district court to use the Press Review Tool is contingent on the OCA providing it through its contract with Tyler. Defendant LaVoie is represented by counsel who has made an appearance.

33.    Defendants' actions, as alleged in this Petition, are under the color of Texas law and constitute state action within the meaning of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

34. Defendants are sued in their official capacities only. Courthouse News seeks relief against Defendants as well as their agents, assistants, successors, employees, and all persons acting in concert or cooperation with them or at their direction or under their control.

### FACTS AND ALLEGATIONS COMMON TO ALL COUNTS

**A. Courthouse News Reports Daily News From Texas Courts.**

35. Courthouse News offers its readers a variety of publications. Its New Litigation Reports contain original, staff-written summaries of significant new civil lawsuits, and are sent to subscribers via e-mail each evening.  Its *Daily Brief* covers state and federal appellate rulings throughout the nation, including all United States Supreme Court and federal circuit decisions and significant rulings from the federal district courts.

36. Courthouse News also publishes a freely available website at www.courthousenews.com featuring news reports and commentary.  The website functions much like a print daily newspaper with articles rotating on and off the page in a 24-hour news cycle. Roughly 30,000 people read the Courthouse News website each day.

37. Courthouse News has been credited as the original source of reporting on various topics by a wide range of publications, including: *The Mercury News, ABA Journal*, ABC News, *The Atlantic*, *Austin American Statesman*, Black Christian News Network, *California Bar Journal*, CBS News, *The Christian Science Monitor*, The Daily Beast, *The Dallas Morning News*, Forbes, Fox News, *The Guardian*, The Hill, *Houston Chronicle*, The Huffington Post, *Long Island Press*, *Los Angeles Times*, *Mother Jones*, National Public Radio (NPR), NBC News, *New York Daily News*, *New York Magazine*, *The New York Times*, *The Orange County Register*, Politico, *Rolling Stone*, *Salt Lake City Tribune, San Antonio Express-News*, Slate, *The Telegraph* (UK), *The Wall Street Journal*, *The Washington Post*, *The Washington Times*, *Women's Health Policy Report*,

16

United Press International (UPI), *USA Today*, *U.S. News and World Report*, and the YouTube news channel. American, Canadian, and New Zealand radio shows have also interviewed Courthouse News' reporters.

38.     Courthouse News has more than 2,200 subscribers nationwide, including law firms, law schools, government offices, and news outlets such as: The Associated Press, *The Atlanta Journal Constitution*, *The Boston Globe*, *Chicago Tribune*, CNN, *Denver Post*, *Detroit Free Press*, International Consortium of Investigative Journalists, Fox Entertainment Group, *Honolulu Civil Beat, Las Vegas Review-Journal*, *Los Angeles Times*, North Jersey Media Group, *Pacific Coast Business Times*, *Philadelphia Business Journal*, *Phoenix New Times*, Pinterest, *Plymouth Independent*, *Portland Business Journal*, *St. Paul Business Journal*, *The Salt Lake Tribune*, *The San Jose Mercury News*, *Seattle Times*, *San Antonio Express News*, *Tampa Bay Business Journal*, *The Wall Street Journal*, Walt Disney Company, *The Washington Post*, and Warner Bros.

39.     Nationwide, educational institutions that subscribe to Courthouse News reports include Boston University, Columbia Journalism Investigations, MIT School of Management, Stanford University, University of Chicago, University of Maryland – College of Journalism, University of North Carolina at Chapel Hill, University of Virginia School of Law, and Drake University Law Library.

40.     In Texas, *The Dallas Morning News* and *San Antonio Express-News* subscribe, as well as the iHeart Media chain of 850 radio stations. A total of seven television stations subscribe, KEYE-TV, KTVT-11 (Ft. Worth), KVUE-TV (Austin), KXAN News (Austin), NBC5 (Ft. Worth) and WFAA-TV (Dallas). Governmental subscribers include the Dallas City Attorney's Office, State Bar of Texas, Office of the General Counsel and the City of San Antonio Attorney's Office. Baylor College and the Texas Association of School Boards also subscribe along with Texas-based

corporations such as Energy Transfer, Cook Children's Health Care System, DHA Housing Solutions for North Texas, Hunt Oil Company, Mewbourne Oil Company, and Whole Foods.

41.    In its Texas New Litigation Reports, Courthouse News covers general civil litigation, focusing on actions brought against business entities and public institutions. Its coverage of Texas includes new litigation filed in district courts of the District Clerk Defendants.

42.    Courthouse News does not report on or seek to review the small number of new civil petitions that are statutorily confidential or otherwise not open to the public, or petitions that are accompanied by a motion to seal. Such petitions are screened away from press and public access by Defendants' e-filing software.

43.    The District Clerk Defendants have not implemented the Press Review Tool available under OCA's contract with Tyler.  To prepare the new litigation reports that cover the district courts for the District Clerk Defendants, Courthouse News reporters go to the courts' websites for docket information and then proceed to re:SearchTX, the statewide site run by OCA through a contract with Tyler, to see full text of petitions, paying 10 cents per page. However, the petitions are not available via these platforms — or by any other means — until after clerk staff have completed administrative processing.

44.    Given the nature of the coverage in Courthouse News' New Litigation Reports and its other news publications, any delay in the ability of a reporter to obtain and review new petitions necessarily holds up Courthouse News' reporting of new controversies for its readers.

45.    Up to the present, all the new civil petitions e-filed in the respective district courts of the District Clerk Defendants are restricted until after local staff processes them, with anywhere from twenty percent to ninety percent of the new civil petitions e-filed in those courts in effect sealed for one or more days after filing.

**B.    The First Amendment Right of Access Attaches to Civil Petitions When the Court Receives Them.**

46.    A right of access grounded in the First Amendment applies to non-confidential civil petitions.

47.    A new petition serves as the opening bell in a legal fight. A longstanding tradition in American courts gives reporters access to new civil petitions when they cross the clerk's counter and before administrative processing. This allows the public to hear about new cases quickly, when they are still newsworthy and likely to be the subject of public attention and discussion.

48.    News coverage operates in a daily cycle where news events, including newly filed petitions, occur during the day and are reported that afternoon and evening, after which newsmakers and reporters sleep, only to start the cycle again the next day. When news is delayed until the next day or longer, it is devalued by the delay. Just as day-old bread is less likely to be consumed, the news in day-old petitions is less likely to be reported and read, because it is "old news." *See Courthouse News Service v. Planet* ("*Planet III*"), 947 F.3d 581, 585 (9th Cir. 2020) ("The peculiar value of news is in the spreading of it while it is fresh").

49.    Traditionally, at courts across the country, new civil petitions were made available when they crossed the counter so they could be reviewed by journalists who visited the courthouse to report on the day's news. Intake clerks would set new civil petitions aside for press review as they came across the intake counter. The box on the counter that held those petitions was often available to anyone who was interested. This tradition was affirmed by Eighth Circuit Judge Bobby Shepherd during during oral arguments in *Courthouse News Serv. v. Gilmer et al.* (8th Cir. No. 21-2632), a case involving the same issues as here: "There was a time when — and some in this room may remember it — when you took a pleading to the courthouse and the clerk stamped it physically and it went into different bins and it was available immediately."

50.     Courthouse News' experience in Texas is no different from, and is consistent with, this nationwide experience and tradition. When it began covering the Harris County district court in 1999, Courthouse News' reporter was allowed to go behind the counter in the clerk's office to view and report on the days' newly filed petitions as they were received by the court. Courthouse News expanded its coverage to Dallas County district court in 2000, at which time journalists were allowed to review new civil petitions on a long wooden table located behind the counter in the clerk's office as soon as the new petitions crossed the intake counter. In 2003, Courthouse News expanded its coverage to Travis County district court and found a similar tradition of access— newly-filed petitions were kept for press review in a large stack located behind the horseshoe-shaped counter where the reception clerk worked.

51.     Public access to new petitions allows the public to supervise the judicial process by learning of parties to the dispute, alleged facts, issues for trial, and relief sought. The access also allows the public to understand the activity of the courts, brings accountability to the court system, and informs the public on matters of public concern. When a petition is withheld from the public, it leaves the public unaware that a claim has been levelled and state power has been invoked.

52.     The analysis of an alleged violation of the First Amendment right of access is a two-step process. The first step is to determine whether, as a general matter, there is a right of access to the particular proceeding or documents at issue. If the answer to that question is "yes," the court proceeds to the second step, which is to determine if the restriction on access satisfies Constitutional scrutiny. *See, e.g.*, *Courthouse News Serv. v. Planet*, 947 F.3d at 581, 589-97 (9th Cir. 2020) ("*Planet III*") (discussing and applying two-step process established by *Press-Enterprise Co. v. Superior Ct.* ("*Press-Enterprise II*"), 478 U.S. 1 (1986)); *Courthouse News v. Jackson,* 2009 WL 2163609, (S.D. Tex. July 20, 2009).

53.    To answer the question posed by the first step, courts examine whether experience and logic support the existence of the right of access, *Press Enterprise II*. "There is no dispute that, historically, courts have openly provided the press and general public with access to civil petitions." *Schaefer*, 440 F. Supp. 3d at 557; *accord Bernstein*, 814 F.3d at 141 ("Petitions have historically been publicly accessible by default . . . . Logical considerations also support a presumption of public access.").

54.    Courthouse News has also collected evidence showing that, in states where it covers the courts in person on a regular basis, there is a history of access to new civil actions upon receipt of the pleading regardless of whether court staff have completed clerical processing in every region of the United States—north (Michigan and Wisconsin), south (Alabama, Arkansas, Georgia, Louisiana, Tennessee, Texas, and Virginia), central (Colorado, Illinois, Nebraska, Ohio, Oklahoma, and Utah), east (Connecticut, New Jersey, New York,  Pennsylvania, and Vermont), and west (Alaska, Arizona, California, Hawaii, Nevada, Oregon, and Washington). This evidence "demonstrat[es] that there is a long history of courts making petitions available to the media and the public soon after they are received"—"rather than after it is 'processed'"—"regardless of whether such courts use paper filing or e-filing systems." *Courthouse News Serv. v. Planet*, 2016 WL 4157210, at *12-13 (C.D. Cal. May 26, 2016).

55.    Applying the "experience and logic" test, courts across the nation have recognized the existence of a qualified First Amendment right of access that attaches to non-confidential civil petitions upon their receipt by a court. *See, e.g.*, *Courthouse News Serv. v. Schaefer*, 2 F. 4th 318, 328 (4th Cir. 2021); *Planet III*, 947 F.3d at 589; *Courthouse News Serv. v. New Mexico Admin. Off. of Cts* ("*New Mexico AOC'"*), 53 F.4th 1245, 1266–69 (10th Cir. 2022); *see also Courthouse News Serv. v. O'Shaughnessy*, 2023 U.S. Dist. LEXIS 48712 (S.D. Ohio 2023) ("This case law and

Courthouse News' evidence that state and federal courts throughout the nation and Ohio have traditionally provided access to petitions on receipt, lead the Court to conclude that petitions have been traditionally accessible to the public and press."); *Courthouse News Serv. v. Forman,* 2022 WL 2105910, at *5  (N.D. Fla. June 10, 2022) ("under the experience and logic test, a qualified First Amendment right of access applies to non-confidential civil complaints"); and *Courthouse News v. Jackson*, 2009 WL 2163609, at *5 (S.D. Tex. July 9, 2009) ("there is a presumption in favor of public access to judicial records.").

56.     Accordingly, the First Amendment provides the press and public with a presumptive right of access to newly filed civil petitions that attaches when the petition is filed, *i.e.*, when it is submitted to the court.

## C. Defendants' No-Access-Before-Processing Policy Infringes Upon Courthouse News' First Amendment Rights.

57.     Where the qualified First Amendment right of access attaches to a particular court process or document, as it does with new civil petitions, the right attaches upon the court's receipt of the document, and the press and public generally have a right of contemporaneous access.  *See, e.g.*, *New Mexico AOC*, 53 F.4th at 1269 ("[A] necessary corollary of the right to access is a right to timely access."); *Planet III*, 947 F.3d at 588, 591 (holding the qualified right of access to newly filed civil actions attaches when the lawsuit is filed, *i.e.*, when it is received by the court); *Courthouse News Serv. v. Jackson*, 2009 WL 2163609, at *4 (S.D. Tex. July 20, 2009) ("In light of the values which the presumption of access endeavors to promote, a necessary corollary to the presumption is that once found to be appropriate, access should be immediate and contemporaneous."); *Courthouse News Serv. v. Tingling*, 2016 WL 8505086, at *1 (S.D.N.Y. Dec. 16, 2016); *Schaefer*, 440 F. Supp. 3d at 559 (the public and press have a "contemporaneous right

of access" to newly filed civil actions—meaning "on the same day as filing, insofar as practicable").

58.     Turning to the second analytical step of a claim alleging a violation of the First Amendment right of access, after the court determines the right of access attaches to a particular record or proceeding, a presumption of access arises that may be restricted only if "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise II*, 478 U.S. at 13-14; *accord Planet III*, 947 F.3d at 596; *Bernstein*, 814 F.3d at 144; *Schaefer*, 440 F. Supp. 3d at 559-60. Here, Defendants' policies are not essential to preserve higher values and are not narrowly tailored.

59.     Since Texas' adoption of e-filing, access delays have become pervasive in district courts across the state. The District Clerk Defendants do not use the Press Review Tool or otherwise make newly e-filed civil petitions available upon receipt by the statewide e-filing system. Instead, they effectively seal the petitions while they sit in a database—the EFM— allowing access only after court staff have processed them. As a direct result, these District Clerk Defendants withhold access to anywhere from twenty percent to ninety percent of the new civil petitions e-filed until at least the day after they were e-filed, and sometimes longer.

60.     These access delays at the respective district courts for the District Clerk Defendants are unnecessary and easily avoidable. Defendants need only implement the Press Review Tool readily available through the OCA's contract with Tyler.

61.     Processing new petitions is not the problem. All e-filing courts must conduct some administrative processing of new filings. As was the case in the paper world, access in e-filing courts is delayed only if courts withhold new civil petitions until after court staff complete administrative processing. Because most courts do not complete these clerical tasks for all the

day's new civil actions on the day of filing, no-access-before-processing policies prevent the press and public from learning about a substantial percentage of new civil petitions until at least the day after filing, at which point the information is old news and less likely to capture the public's attention.

62.     Courts that provide access to new e-filed petitions as they are received, regardless of whether court staff have completed clerical processing, include nearly all federal district courts and state courts in Alabama, Arizona, California (nearly all e-filing courts, covering 85% of the state's population), Connecticut, Florida, Georgia (courts in Atlanta metropolitan area), Hawaii, Nevada (in the state's biggest court in Las Vegas), New York, Ohio (Cleveland and Columbus), Texas (Austin), Utah, Vermont, and Washington (Tacoma).

63.     The Missouri and New Mexico state courts are both currently in the process of developing systems that, once implemented, will also provide access to new e-filed complaints as they are received, and regardless of whether court staff have completed clerical processing. In addition, Iowa state courts recently agreed to provide on-receipt access to new e-filed complaints on a statewide basis.

64.     Courts use a variety of vendors to provide on-receipt access, including Tyler (which provides the Press Review Tool available to Texas district court clerks), Journal Technologies, Tybera, Granicus, OLIS, PeachCourt and ProWare.  Other courts – including courts in Hawaii, Washington, Connecticut, New York, Missouri, and individual superior courts in California – use home-grown access systems developed in-house.

65.     Courts provide on-receipt access through terminals at the courthouse or through a controlled online site or, most often, both. Courts control online access to new petitions by requiring applications from users, requiring compliance with terms of use, requiring user names

and passwords, retaining the ability to revoke approval if necessary, and, in many courts, requiring payment of a subscription fee.

66.      In Texas, and after several requests by Courthouse News, the Dallas County District Clerk recently configured the Press Review Tool for implementation and is now providing the same kind of pre-processing access to non-confidential civil petitions that Travis County provides.

67.      Despite Courthouse News' request, the District Clerk Defendants have not implemented the Press Review Tool and instead continue to withhold access to new e-filed petitions until after processing. As a result, Courthouse News continues to experience significant delays in gaining access to new civil petitions e-filed in the district courts of the District Clerk Defendants.

## COUNT ONE – VIOLATION OF U.S. CONST. AMEND. I AND 42 U.S.C. § 1983

68.      Courthouse News incorporates the allegations of Paragraphs 1-48 herein.

69.      Defendants' actions under color of state law, including without limitation their policies and practices of withholding newly filed, non-confidential civil petitions from press and public view until after administrative processing, and the resulting denial of timely access to new civil petitions upon receipt for filing, deprives Courthouse News, and by extension its subscribers, of their right of access to public court records secured by the First Amendment to the United States Constitution.

70.      The qualified First Amendment right to access new civil petitions filed in the district courts of the District Clerk Defendants arises the moment those petitions are filed, and access may be restricted only if the restriction is essential to preserve an overriding government interest and is narrowly tailored to serve that interest. For Defendants' policies and practices to survive *Press-Enterprise II*'s two-prong balancing test, Defendants "must demonstrate that (1)

'there is a "substantial probability' that [an overriding government interest] would be impaired by immediate access'; and (2) 'no reasonable alternatives exist to "adequately protect" that government interest.'" *New Mexico Admin. Off. of the Cts.*, 53 F.4th at 1270. Defendants cannot satisfy either prong of this test with respect to the policies and practices alleged in this complaint.

71.    Courthouse News has no adequate remedy at law to prevent or redress Defendants' unconstitutional actions and will suffer irreparable harm as a result of Defendants' violation of its First Amendment rights. Courthouse News is therefore entitled to a declaratory judgment and a preliminary and permanent injunction to prevent further deprivation of the First Amendment rights guaranteed to it and its subscribers.

## PRAYER FOR RELIEF

WHEREFORE, Courthouse News prays for judgment against Defendants as follows:

1.    A declaratory judgment pursuant to 28 U.S.C. § 2201 declaring Defendants' policies and practices that knowingly affect delays in access to newly filed civil unlimited petitions, including, inter alia, their policy and practice of denying access to petitions until after administrative processing, are unconstitutional under the First and Fourteenth Amendments to the United States Constitution because these policies and practices constitute an effective denial of timely public access to new civil petitions, which are public court records to which the First Amendment right of access applies;

2.    A preliminary and permanent injunction against Defendants, including their agents, assistants, successors, employees, and all persons acting in concert or cooperation with them, or at their direction or under their control, prohibiting them from continuing their policies and practices that deny Courthouse News timely access to new non-confidential civil petitions, including, inter alia, their policy and practice of denying access to petitions until after administrative processing;

3.       As to the District Clerk Defendants only, an award of costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 (Courthouse News does not seek same against Defendant LaVoie); and

4.       All other relief the Court deems just and proper.

40897023v.1

Date: July 5, 2024             Respectfully submitted,

                                        **JACKSON WALKER L.L.P.**

:               By   */s/ Matt Dow*
                         Matt Dow
                         Attorney-In-Charge
                         Texas Bar No. 06066500
                         mdow@jw.com
                         100 Congress Avenue, Suite 1100
                         Austin, Texas 78701
                         Telephone:  (512) 236-2000
                         Facsimile:  (512) 236-2002

                         John K. Edwards
                         Texas Bar No. 24002040
                         jedwards@jw.com
                         1401 McKinney, Suite 1900
                         Houston, Texas 77010
                         Telephone:  (713) 752-4200
                         Facsimile:  (713) 752-4221

                         ATTORNEYS FOR PLAINTIFF
                         COURTHOUSE NEWS SERVICE

## **CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing document will be accomplished through the notice of electronic filing in accordance with the Federal Rules of Civil Procedure on this the 8th day of July, 2024.

                                       */s/ Matt Dow*
                                       Matt Dow

40897023v.1