UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| COURTHOUSE NEWS SERVICE, § § Plaintiff, § § v. § § MICHAEL GOULD, *in his official capacity as Collin County District Clerk*; DAVID TRANTHAM, *in his official capacity as Denton County District Clerk*; MEGAN LAVOIE, *in her official capacity as Director for the Texas Office of Court Administration*, et al. § § § § § § § § § § § Defendants. § | CIVIL ACTION NO.:   4:24-cv-00368 |

**DEFENDANT JON GIMBLE'S OPPOSED ALTERNATIVE MOTION
TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Jon Gimble in his official capacity as McLennan County District Clerk, a Defendant in the above-entitled and numbered cause, and files this his Opposed Alternative Motion to Transfer Venue Under 28 U.S.C. § 1404(a), and would respectfully show unto the Court as follows:

**I.      MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)**

1.1     The Court should transfer Plaintiff's action against Defendant Gimble to the Waco Division of the Western District of Texas under 28 U.S.C. § 1404(a), which authorizes this Court to transfer a civil action to any district or division where it might have been brought for the convenience of the parties and witnesses, and in the interests of justice. *See* 28 U.S.C. § 1404(a). Factors to be considered include:  (1) the convenience of the parties; (2) plaintiff's choice of forum; (3) convenience of witnesses; (4) the cost of obtaining the presence of witnesses; (5) the relative

ease of access to sources of proof; (6) calendar congestion; (7) where the events took place; (8) the availability of process to compel the presence of unwilling witnesses; and (9) the interests of justice in general. *See EEOC v. Mustang Mobile Homes, Inc.*, 88 F. Supp. 2d 722, 725 (W.D. Tex. 1988); *Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1165 (S.D. Tex. 1994).

    1.2    The Plaintiff's "choice of forum" is a factor to be considered, but it is *not*, in and of itself, conclusive or determinative. *In re Horseshoe Ent.*, 305 F.3d 354 358-59 (5th Cir. 2002). Rather, it is but one of many factors the Court may consider. *Id.* In this case, the Plaintiff's choice of forum is accorded even less significance because all of the operative facts alleged against Defendant Gimble occurred in the Waco Division of the Western District. *See Johnson v. Dillard Dept. Stores, Inc.*, No. 3:00-CV-2674-X, 2001 WL 285248, at *1 (N.D. Tex. Mar. 17, 2001) (holding that "where 'most, if not all, of the operative facts occurred [in another venue], Plaintiff's choice of forum is given reduced significance.'" (quoting *Lindloff v. Schenectady Int'l*, 950 F. Supp. 183, 185 (E.D. Tex. 1996)); *see also Reed v. Fina Oil & Chem. Co.*, 995 F. Supp. 705, 714 (E.D. Tex. 1998) (same); *Rogers v. Home Depot USA, Inc.*, No. 1:05CV384, 2005 WL 8161011, at *3 (E.D. Tex. Sept. 20, 2005) (same). In addition, "the plaintiff's choice [of forum] is entitled to less consideration when the plaintiff does not reside in its chosen forum." *See Johnson*, 2001 WL 285248, at *1; *Robertson v. Kiamichi R.R. Co., L.L.C.*, 42 F. Supp. 2d 651, 656 (E.D. Tex. 1999); *Reed*, 995 F. Supp. at 714 (stating that any deference accorded to the plaintiff's choice of forum "disappears when the lawsuit has no connection whatsoever to the venue chosen"). Neither Plaintiff or Gimble reside in the Eastern District. Nor do a large majority of the other Defendants.

    In *Reed*, the Plaintiffs filed their suit in state district court in Jefferson County, Texas, based on a claim that the decedent developed leukemia due to exposure to chemicals manufactured and

distributed by his employer, Phillips Petroleum Company, at its Borger, Texas, synthetic rubber facility.  995 F. Supp. at 707.  Phillips removed the case to federal court in the Eastern District of Texas, Beaumont Division.  *Id.*  Phillips then requested that the case be transferred to the Northern District of Texas, Amarillo Division, pursuant to 28 U.S.C. § 1404(a), arguing that a substantial part of the events of omissions giving rise to Plaintiffs' claims occurred at the facility located within the Northern District, Amarillo Division.  *Id.* at 707-08.  The Court held that the case should be transferred to the Northern District, Amarillo Division because the "sources of proof, witnesses, and necessary records are substantially closer to Amarillo than they are to Beaumont, the hardship to the parties necessitated a transfer, and because there was a strong nexus between the alleged wrongdoing and the citizens of the Northern District.  *Id.* at 716-17.  The only factor favoring Plaintiffs' choice of forum was that their lawyers resided in Beaumont, which the court concluded was not enough to prevent the transfer of the case from the Eastern District, Beaumont Division, to the Northern District, Amarillo Division.  *Id.* at 717.

      1.3    "The convenience of the witnesses is arguably the most important factor in deciding whether a case should be transferred pursuant to § 1404(a)."  *Stephens v. W. Pulp Prods.*, No. Civ.A. 104-CV-152, 2005 WL 3359746, at *2 (E.D. Tex. Dec. 8, 2005) (citing *Reed*, 995 F. Supp. at 714).  "'Venue is considered convenient in the district or division where the majority of witnesses are located.'"  *Id.* (quoting *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 775 (E.D. Tex. 2000)).  In the instant case:

- Plaintiff is not a resident of the Eastern District, Sherman Division.  *See* PL'S. FIRST AMENDED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE AND DECLARATORY RELIEF, ¶ 10.  Furthermore, all of the operative facts alleged against Defendant Gimble occurred in the Western District, Waco Division.  *See* EXHIBIT "D-1."  Thus, little, if any, weight should be given to the Plaintiff's choice of forum;

- All of the operative facts alleged against Defendant Gimble occurred in the Western District, Waco Division, *see id.*;

- The relevant records are maintained in the Western District, Waco Division, *see id.*;

- Defendant Gimble resides in the Western District, Waco Division, approximately 20 miles from the Federal Courthouse in Waco, Texas, and 180 miles from the Federal Courthouse in Sherman, Texas, *see id.*;

- The witnesses, including Defendant and the deputy clerks employed in the McLennan County District Clerk's Office, are all located within the Western District, Waco Division[1], *see id.*;

- The proof is more accessible in the Western District, Waco Division, *see id.*;

- Judicial economy would be better served by transfer to the Western District, Waco Division, *see id.*; and

- It would be very burdensome for Defendant Gimble to participate in his defense in the Sherman Division of the Eastern District of Texas, and his absence, as well as the absence of the deputy clerks employed by the McLennan County District Clerk's Office, would create problems for the operations of the McLennan County District Clerk's Office, as well as the efficient administration of justice in McLennan County. *See id.*

There are no countervailing reasons preventing the transfer of this action against Defendant Gimble from the Sherman Division of the Eastern District of Texas to the Waco Division of the Western District of Texas.

---

[1] Regarding inconvenience to witnesses, the Fifth Circuit has noted that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled." *In re Volkswagen AG*, 371 F.3d 201, 204-05 (5th Cir. 2004).

> Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment. Furthermore, the task of scheduling fact witnesses so as to minimize the time when they are removed from their regular work or home responsibilities gets increasingly difficult and complicated when the travel time from their home or work site to the court facility is five or six hours one-way as opposed to 30 minutes or an hour.

*Id.* at 205.

1.4 Indeed, there is no countervailing hardship to the Plaintiff. The Waco Division is actually a more convenient forum for the Plaintiff, as Plaintiff's attorneys office in Austin, Texas. *See* PL'S. FIRST AMENDED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE AND DECLARATORY RELIEF, pg. 27. There is nothing that supports the Plaintiff's filing of this action in a division where Defendant Gimble does not reside and the Plaintiff does not reside. *See id.* ¶ 10.

1.5 Based on a consideration of the appropriate factors, Defendant Gimble urges this Court to transfer Plaintiff's action against Defendant Gimble to the Waco Division of the Western District of Texas under 28 U.S.C. § 1404(a).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Jon Gimble respectfully requests the Court to transfer this action as against Gimble to the Waco Division of the Western District of Texas under 28 U.S.C. § 1404(a).

Respectfully submitted,

**HALEY & OLSON, P.C.**
100 N. Ritchie Road, Suite 200
Waco, Texas 76712
Telephone:     (254) 776-3336
Telecopier:    (254) 776-6823

By:    */s/ Michael W. Dixon*
       MICHAEL W. DIXON
       State Bar No. 05912100
       RICHARD R. BRADLEY
       State Bar No. 24056479

       *Attorneys for Defendant Jon Gimble in his official capacity as McLennan County District Clerk*

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document will be accomplished through the notice of electronic filing in accordance with the Federal Rules of Civil Procedure on this the 3rd day of September, 2024.

*/s/ Michael W. Dixon*
MICHAEL W. DIXON

## CERTIFICATE OF CONFERENCE

Lead Counsel for Defendant Gimble, Michael W. Dixon, conferred with Matt Dow, Lead Counsel for the Plaintiff, by telephone on the 26th day of August, 2024 regarding the relief sought in this motion. Plaintiff is opposed to the relief sought in this motion.

*/s/ Michael W. Dixon*
Michael W. Dixon