IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| COURTHOUSE NEWS SERVICE,<br><br>*Plaintiff,*<br><br>v.<br><br>JOANNA STATON, in her official capacity as Bell County District Clerk, et al<br><br>*Defendants.* | Case No.  4:24-cv-00368-SDJ |

**PLAINTIFF'S RESPONSE TO DEFENDANT JON GIMBLE'S
OPPOSED ALTERNATIVE MOTION TO TRANSFER
VENUE UNDER 28 U.S.C. § 1404(a)**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

## I.   SUMMARY

This is a First Amendment lawsuit brought by plaintiff Courthouse News Service ("CNS") against twenty district clerks throughout Texas. CNS's position is the defendant clerks are violating the First Amendment by delaying access to new civil petitions being filed in twenty different courthouses across the state.

As in any multi-defendant lawsuit, CNS had to select a single venue from the available options. CNS chose to file in this Court, which is located in the county where Defendant Michael Gould serves as district clerk, sits in a courthouse within twenty miles of the largest airport in Texas, and resides within the largest metroplex in Texas.

Defendant Gimble's motion to transfer venue to his home county is fatally flawed because it analyzes this case as a single-defendant lawsuit brought solely

against him: he simply ignores the other parties. When considering all the parties in this lawsuit, justice weighs heavily in favor of maintaining the suit in the venue that CNS chose and denying Defendant's motion. Defendant's self-centered theory would create a nonsensical result where each defendant could transfer venue based on convenience to that respective defendant only, creating a perpetual loop of transfers.

## II.  ARGUMENT

### A. Defendant Gimble erroneously analyzes this lawsuit as single-defendant suit and disregards the deference given to CNS's choice of forum.

Courts have broad discretion when deciding whether to transfer a lawsuit under Section 1404(a). *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008). The movant must show "good cause" that transfer is warranted. *Id.* at 315. As a matter of deference to a plaintiff's initial choice of venue, the moving party must "clearly demonstrate that a transfer is for the convenience of parties and witnesses, in the interests of justice." *Id.*

The "convenience" determination turns on multiple private and public interest factors. *Id.* The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum

with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law. *Id.*

In *Americans For Fair Patent Use, LLC v. Sprint Nextel Corp.*, the Marshall Division denied defendant Verizon's motion to transfer venue for the same reason that this Court should deny Defendant Gimble's motion. No. 2:10-CV-237-TJW, 2011 WL 98279, at *5 (E.D. Tex. Jan. 12, 2011). The court emphasized that "Verizon argue[d] transfer to the District of New Jersey [was] more convenient for Verizon, but it [did] not show it [was] convenient for any other party." *Id*. "In addition, the other defendants in [the] case [had] neither joined nor responded to Verizon's motion." *Id*. "Thus, Verizon [had] not shown proof that the transferee venue [was] 'clearly more convenient' than the Eastern District of Texas." *Id*.[1] Here, Defendant Gimble has not offered any proof that the Waco Division is "clearly more convenient" for anybody other than himself.[2]

Throughout his motion, Defendant Gimble repeatedly refers to this lawsuit as an "action against Defendant Gimble" and fails to recognize the additional defendants that have answered and appeared. *See* Def.'s Mot. at ¶¶ 1.1, 1.3 [Dkt. 81]. Defendant Gimble doubles down on this self-serving approach by declaring "[t]here is nothing that supports the Plaintiff's filing of this action in a division where Defendant Gimble does not reside and the Plaintiff does not reside." *Id*. at ¶ 1.4.

---

[1] The *Verizon* transfer motion independently also failed because it was not supported by an affidavit.

[2] One other defendant, the Bell County clerk, has also requested transfer to Waco. Motion to Transfer [Dkt. 92]. But this just illustrates the problem: under defendant's approach, every defendant could seek transfer to their preferred federal courthouse.

But with over twenty different defendants across Texas, CNS necessarily had to file suit where other defendants did not reside. So, CNS filed this lawsuit in the county where Defendant Michael Gould serves as district clerk. *See* Pl.'s 1st Am. Compl. at ¶ 16 [Dkt. 11]. And because CNS is a nationwide news service, filing in a district where it does not reside was also a necessary outcome, not a choice. *See Id.* at ¶ 10. Defendant Gimble's argument, while conceivably persuasive in a suit against him and nobody else, rings hollow here.

By grounding his motion on this faulty premise, Defendant Gimble relies on authority that contradicts his position. In *Reed v. Fina Oil & Chem. Co.*, a widow filed suit on behalf of her deceased husband who died from leukemia that allegedly resulted from chemical exposure at the factory where he worked in Borger, Texas. 995 F. Supp. 705, 707 (E.D. Tex. 1998). After engaging representation from Provost & Umphrey Law Firm, plaintiff filed this toxic tort case in the Beaumont Division of the Eastern District in 1995. The court granted a motion to transfer venue to the Amarillo Division of the Northern District, which encompassed the location of the factory at issue. *Id.* Notably, the court concluded that "[s]ince most, if not all, of the operative facts occurred in Borger, Plaintiff's choice of forum is given reduced significance." *Id.* at 714. In that case, zero operative facts occurred in Beaumont and the court emphasized that citizens of the community in which the alleged incident did occur would "have a strong interest in correcting an alleged wrong in their community." *Id.* at 716.

In contrast, this is not a personal injury case with an accident in one location. Instead, CNS has suffered harm through courthouse policies implemented in various

counties across the state prohibiting CNS employees from timely accessing public filings. *See* Pl.'s 1st Am. Compl. at ¶¶ 57–67 [Dkt. 11]. Defendant Gimble qualifies his position that "all of the operative facts *alleged against Defendant Gimble* occurred in the Waco Division of the Western District." *See* Def.'s Mot. at ¶¶ 1.2, 1.3 [Dkt. 81] (emphasis added). But Defendant Gimble's authority does not support this myopic framework. The court in *Reed* declared that deference to a plaintiff's choice of forum only "disappears when the lawsuit has no connection whatsoever to the venue chosen." 995 F. Supp. at 714. Likewise, the court in *Robertson v. Kiamichi R.R. Co.* stated that "Plaintiff's chosen forum has no factual nexus to this case. Thus, deference to plaintiff's choice of forum is lessened." 42 F.Supp.2d 651, 657 (E.D. Tex. 1999). Here, it is undisputed that a factual nexus exists between the lawsuit and its venue. *See* Pl.'s 1st Am. Compl. at ¶ 16 [Dkt. 11]. The Court should give deference to CNS's decision to file suit here.

B.   **The factors that Defendant emphasizes are zero-sum, meaning that overall convenience would not be affected by a transfer to the Waco Division.**

Because both Defendant Gimble and the other defendants have equal stakes in this lawsuit, any convenience gained by Defendant Gimble from a transfer to the Waco Division is necessarily convenience lost by, for example, Defendant Gould in a transfer away from the Sherman Division. Practically, Defendant Gimble argues that he resides 20 miles away from the courthouse in Waco, but 180 miles away from the courthouse in Sherman.[3] *See* Def.'s Mot. at ¶ 1.3 [Dkt. 81]. However, the miles that

---

[3] "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to

Defendant Gimble would save on his commute would be the exact same miles added to Defendant Gould's commute. In short, the transfer would not actually result in any material gain or loss to parties' convenience.

Additionally, Defendant Gimble argues that the proof and records relevant to claims asserted against him would be conveniently located if venue resided in the Waco Division. *See* Def.'s Mot. at ¶ 1.3 [Dkt. 81]. But the proof and records that are relevant to claims asserted against Defendant Gould would then be just as inconveniently located as Defendant Gimble's documents are now.[4]

Likewise, regardless of where venue resides, the various district clerk defendants will have to travel for in-person proceedings, to the extent in-person proceedings requiring their presence are necessary. Defendant Gimble's argument that his absence "would create problems for the operations of the McLennan County District Clerk's Office, as well as the efficient administration of justice in McLennan County" is simply unavoidable for the numerous counties and clerks' offices in this lawsuit. Transferring this lawsuit for Defendant Gimble's convenience does not materially increase the overall convenience of the witnesses or decrease any costs of obtaining the presence of witnesses. Also, the availability of process to compel the presence of unwilling witnesses is equally available in the Sherman Division as it is

---

witnesses increases in direct relationship to the additional distance to be travelled." *In re Volkswagen AG*, 371 at 204–05. However, Defendant Gimble erroneously refers to his distance from Sherman instead Plano, which is only about 120 miles from Waco. So, the factor of inconvenience only increases by 20 miles, not 80 miles as alleged.

[4] Considering the majority of evidence relevant to this dispute includes policy and procedure documents which are likely already stored electronically by the parties, the distance of hard-copy documents in relation to the courthouse is likely irrelevant.

in the Waco Division. Given the geographic spread of defendants in this lawsuit, most of the district clerk's offices at issue will fall outside of subpoena range regardless of venue.

## C. Multiple factors weigh in favor of this Court retaining the lawsuit.

The convenience of all parties—not just Defendant Gimble—supports venue in Plano rather than Waco. The defendants in this suit each reside across the state, ranging from Galveston to Hidalgo to Potter Counties. *See* Pl.'s 1st Am. Compl. at ¶¶ 21–22, 30 [Dkt. 11]. To the extent that in-person hearings or depositions are required, vicinity to an airport would be important. The current courthouse where the parties will try to this case is located less than 20 miles from the Dallas-Fort Worth Airport, the state's largest airport. In comparison, McLennan County is home to a regional airport that only flies to a single destination: DFW. FlightConnections, *Flights from Waco (ACT)*, https://www.flightconnections.com/flights-from-waco-act (last visited Sept. 19, 2024).

Additionally, Judge Albright's court is more congested than this Court. Defendant Gimble claims, without explanation, that "[j]udicial economy would be better served by transfer to the Western District, Waco Division." *See* Def.'s Mot. at ¶ 1.3 [Dkt. 81]. But the statistics related to each court's calendar congestion reveal the opposite to be true. For the prior 12-month period ending June 30, 2024, a total of 4,303 cases were filed in the Eastern District of Texas compared to 12,924 cases filed in the Western District. *Federal Court Management Statistics, June 2024*, https://www.uscourts.gov/statistics-reports/federal-court-management-statistics-june-2024 (last visited Sept. 19, 2024). When broken down per judgeship, the Eastern

District saw 538 filings per judge while the Western District faced 994 filings per judge. *Id.*[5] Overall, the calendar congestion factor leans heavily against transfer to the Waco Division.

Finally, the overall interest of justice supports the denial of Defendant Gimble's motion. If this Court determines that the suit should be transferred to a district that is more convenient for Defendant Gimble, then Defendant Gould could essentially file the exact same motion to ask the court to transfer this action back to Collin County and expect to prevail. And, for example, Defendant Archuleta, the Midland County District Clerk, could file a similar motion arguing that venue in either Collin County or McLennan County are both inconvenient for him and request a transfer to the Midland Division based on the same arguments within Defendant Gimble's motion. Instead of setting off a chain reaction of motions to transfer venue, the interest of justice weighs in favor of cutting these ill-advised motions off at the pass.

### D. The remaining factors have minimal impact due to the law-intensive nature of this suit.

The remaining factors are largely neutral because this suit will involve minimal disputed facts. In this lawsuit, CNS seeks a declaratory judgment that

---

[5] Further, a review of Judge Albright's calendar for the next three months shows 271 calendar events, even including hearings for cases filed outside of the Waco Division. Western District of Texas, *Judges' Calendars,* https://www.txwd.uscourts.gov/judges-information/judges-calendars/#/waco/alan-albright/2024-09-19-to-2024-12-18/   (last visited Sept. 19, 2024). In comparison, Judge Jordan's calendar, of which public view is limited to the following two-week period, shows 12 total events, equating to about 72 total events over the next three months assuming the same pace through year end. Eastern District of Texas, *Hearing Schedules,* https://txed.uscourts.gov/?q=hearing-schedules (last visited Sept. 19, 2024).

delayed access to court filings violates the First Amendment, along with a corresponding preliminary and permanent injunction. Notably, Defendant Gimble fails to identify any issues that would require development of disputed facts involving, for example, extensive in-person witness testimony or investigation of paper documents. This makes sense: CNS anticipates that this case will be resolved by application of First Amendment precedent to largely undisputed facts. *See Courthouse News Serv. v. Planet*, 947 F.3d 581, 586-87 (9th Cir. 2020) (affirming summary judgment holding that no-access-before-process policy infringed CNS's First Amendment right to timely access of newly filed civil complaints).[6]

So, this lawsuit requires very little witness testimony, and whatever testimony is needed will likely be provided by the named defendants themselves. The factors relating to the convenience of witnesses or the cost of obtaining the presence of witnesses go hand in hand with the convenience of the parties, as almost all witnesses will also be parties.

### III.   SUMMARY OF FACTORS

When all of these factors are analyzed in the proper context of this multi-defendant case, there is no support for Defendant Gimble's Motion to Transfer Venue to the Waco Division of the Western District of Texas:

---

[6] The Ninth Circuit reversed summary judgment as to a claim that scanning paper filings before making them available, prior to review or processing, violated the First Amendment. 947 F.3d 581 at 587. No such claim is at issue here. Regardless, that claim too was resolved without trial on remand. *Courthouse News Serv. v. Planet*, No. CV11-8083-DMG, 2021 WL 1605218, at *4 (C.D. Cal. Jan. 26, 2021).

| Factor | Weight |
|---|---|
| Plaintiff's choice of forum | Against transfer (Sec. A) |
| Overall interest of justice | Against transfer (Sec. C) |
| **Private Factors** | |
| Ease of access to sources of proof | Neutral (Sec. B) |
| Availability of process to compel unwilling witnesses | Neutral (Sec. B, D) |
| Cost of obtaining presence of witnesses | Neutral (Sec. B, D) |
| Convenience of parties/witnesses | Against transfer (Sec. C) |
| **Public Factors** | |
| Court congestion | Against transfer (Sec. C) |
| Local interest in having localized interests decided at home | Neutral (Sec. B) |
| Familiarity of forum with governing law | N/A |
| Avoidance of conflict of law issues | N/A |

Therefore, Plaintiff Courthouse News Services respectfully prays that this Court uphold CNS's decision to file suit in the Sherman Division of the Eastern District of Texas, deny Defendant Jon Gimble's Opposed Alternative Motion to Transfer Venue Under 28 U.S.C. § 1404(a) in its entirety, and grant CNS all other relief the Court deems just and proper.

Date: September 24, 2024          Respectfully submitted,

                                            **JACKSON WALKER L.L.P.**

                                            By:  */s/ Matt Dow*
                                                  Matt Dow
                                                  Attorney-In-Charge
                                                  Texas Bar No. 06066500
                                                  mdow@jw.com
                                                  100 Congress Avenue, Suite 1100
                                                  Austin, Texas 78701
                                                  Telephone: (512) 236-2000
                                                  Facsimile: (512) 236-2002

                                                  John K. Edwards
                                                  Texas Bar No. 24002040
                                                  jedwards@jw.com
                                                  1401 McKinney, Suite 1900
                                                  Houston, Texas 77010
                                                  Telephone: (713) 752-4200
                                                  Facsimile: (713) 752-4221

                                                  ATTORNEYS FOR PLAINTIFF
                                                  COURTHOUSE NEWS SERVICE

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document will be accomplished through the notice of electronic filing in accordance with the Federal Rules of Civil Procedure on this the 24th day of September, 2024.

                                                  */s/ Matt Dow*
                                                  Matt Dow