UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| COURTHOUSE NEWS SERVICE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO.:   4:24-cv-00368 |
| § | |
| MICHAEL GOULD, *in his official capacity* § | |
| *as Collin County District Clerk*; DAVID § | |
| TRANTHAM, *in his official capacity as* § | |
| Denton County District Clerk; MEGAN § | |
| LAVOIE, *in her official capacity as Director* § | |
| *for the Texas Office of Court Administration*, § | |
| et al. § | |
| § | |
| Defendants. § | |

**DEFENDANT JON GIMBLE'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT JON GIMBLE'S OPPOSED ALTERNATIVE MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Jon Gimble in his official capacity as McLennan County District Clerk, a Defendant in the above-entitled and numbered cause, and files this his Reply to Plaintiff's Response to Defendant Jon Gimble's Opposed Alternative Motion to Transfer Venue Under 28 U.S.C. § 1404(a), and would respectfully show unto the Court as follows:

1.1   The Plaintiff's Response to Defendant Jon Gimble's Motion to Transfer Venue incorrectly attempts to persuade the Court that Defendant Gimble seeks transfer of the entire case. Throughout Defendant Gimble's Motion to Transfer Venue, it is abundantly made clear that Defendant Gimble is **<u>only</u>** seeking transfer of the venue in the action **<u>against him</u>**.  This is not a class-action lawsuit.  Rather, this is a collection of separate lawsuits that Plaintiff has filed in the Eastern District of Texas, Sherman Division—a division having no contacts with either the

Plaintiff or Defendant Gimble, for the benefit of Plaintiff's bottom-line and to the detriment of district clerks and their counties.

1.2 In a similar circumstance where plaintiff sued multiple defendants, and multiple defendants filed motions to transfer venue, the Federal Circuit Court of Appeals concluded that it was error to permit a party to "effectively inoculat[e] [itself] against convenience transfer under § 1404(a) simply because it filed related suits against multiple defendants in the transferor district. This is not the law under the Fifth Circuit." *In re Google, Inc.*, No. 2017-107, 2017 WL 977038, at *3 (Fed. Cir. Feb. 23, 2017); *see In re Toyota Motor Corp.*, 747 F.3d 1338, 1340-41 (Fed. Cir. 2014) (ordering transfer despite the presence of co-pending litigation in the transferor district); *see also Universal Connectivity Techs. Inc. v. HP Inc.*, No. 1:23-CV-1177-RP, 2024 WL 3305724, at *6 (W.D. Tex. July 3, 2024) (emphasizing that denying transfer due to related cases would improperly inoculate a plaintiff against a convenience transfer under § 1404(a) and ordering transfer of the case); *In re Atlassian Corp, PLC*, No. 2021-177, 2021 WL 5292268, at *4 (Fed. Cir. Nov. 15, 2021) (noting that "[j]udicial economy arising from multiple lawsuits filed on the same day in the same venue may be relevant, but such copending suits are not to be over-weighed if they are also the subject of motions to transfer" and ordering transfer of case).

1.3 Plaintiff cannot inoculate itself against a convenience transfer under Section 1404(a) by filing a collection of separate lawsuits against multiple defendants in the Eastern District of Texas, Sherman Division. As stated above, this is not the law.

1.4 Further, "[i]n an action with multiple defendants, venue and jurisdiction requirements must be met as to **each defendant**." *MOV-ology LLC v. BigCommerce Holdings, Inc.*, No. 6:22-cv-00084-ADA, 2022 WL 4286497, at *1 (W.D. Tex. Sept. 16, 2022) (emphasis added). Therefore, Plaintiff's venue analysis focusing on the collective group of defendants is

inappropriate. Plaintiff must establish venue and jurisdiction as to Defendant Gimble irrespective of the other defendants, which Plaintiff has not done.

1.5 Defendant Gimble also disputes Plaintiff's application of the public and private factors governing venue. First, none of the actions alleged by Plaintiff against Defendant Gimble occurred in the Eastern District of Texas, Sherman Division. Rather, the actions that Plaintiff complains of about Defendant Gimble occurred, if at all, in McLennan County, which is in the Western District of Texas, Waco Division. *See Defense Distributed v. Bruck*, 30 F.4th 414, 435 (5th Cir. 2022) ("'The place of the alleged wrong is one of the most important factors in venue determinations.'" (quoting *Watson v. Fieldwood Energy Offshore, LLC*, 181 F. Supp. 3d 402, 412 (S.D. Tex. 2016))). Because Plaintiff's chosen forum has no factual nexus to this case against Defendant Gimble, there should not be any deference afforded to Plaintiff's chosen forum. *See Robertson v. Kiamichi R.R. Co.*, 42 F. Supp. 2d 651, 657 (E.D. Tex. 1999).

1.6 Next, Plaintiff's contentions regarding the private factors of ease of access to sources of proof, availability of process to compel unwilling witnesses, cost of obtaining the presence of witnesses, and convenience of the parties and witnesses are all unpersuasive and do not weigh favor of this Court retaining the lawsuit because Plaintiff once again improperly focuses on the collective group of defendants, rather than on the separate lawsuit against Defendant Gimble. This is not a class-action lawsuit; thus, it is inappropriate and irrelevant to consider any inconvenience to the other defendants when analyzing the factors governing transfer under Section 1404(a).

1.7 Regardless of whether venue is in Sherman or Plano, the distance traveled for Defendant Gimble and all potential witnesses in the McLennan County District Clerk's Office, as well as Plaintiff's potential witnesses, exceeds 100 miles, which favors transfer. *See In re*

*Volkswagen AG*, 371 F.3d 201, 204-05 (5th Cir. 2004); *see also In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (noting that the "100 mile rule" favors transfer is the transferee venue is a shorter average distance from witnesses than the transferor venue); *ACQIS LLC v. EMC Corp.*, 67 F. Supp. 3d 769, 776 (E.D. Tex. 2014) (same); *Ray Mart, Inc. v. Stock Building Supply of Tex., L.P.*, 435 F. Supp. 2d 578, 591, 595-96 (E.D. Tex. 2006) (noting that local interest in having localized disputes decide at home is an element to be consider and that "it is contrary to the public interest to encumber the citizens of this district with a case that has only a slight connection to, and little impact upon, the local community"). Plaintiff's assertion that this case will involve very little witness testimony is misleading, as this case will likely require various deputy district clerks to testify about the policies and procedures of the McLennan County District Clerk's Office that are used when filing new cases. *See ACQIS LLC*, 67 F. Supp. 3d at 776 (noting that the factor favors transfer when a "substantial number of material witnesses reside in the transferee venue and no witnesses reside in the transferor venue regardless of whether the transferor venue would be more convenient for all of the witnesses" (internal quotation omitted)).

      1.8    Plaintiff's emphasis on the number of pending cases is misleading because Plaintiff failed to note the median time between filing and trial, the priority of the pending cases, the fact that some cases may be transferred to other venues, and the fact that some cases may be handled by multiple magistrate judges in the Western District of Texas. Further, the Eastern District of Texas has emphasized that "courts should not retain cases based on the speed of disposition alone, particularly when a dispute has scant relationship to this district." *Ray Mart, Inc.*, 435 F. Supp. 2d at 595; *Rock Bit Int'l, Inc. v. Smith Int'l, Inc.*, 957 F. Supp. 843, 844 (E.D. Tex. 1997). Therefore, contrary to Plaintiff's assertion, this factor does not weigh in favor of this Court retaining the lawsuit.

1.9     Based on a consideration of the appropriate factors, as outlined in Defendant Gimble's Motion to Transfer Venue and this Reply, Defendant Gimble urges this Court to transfer Plaintiff's action against Defendant Gimble to the Waco Division of the Western District of Texas under 28 U.S.C. § 1404(a).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Jon Gimble respectfully requests the Court to transfer this action as against Gimble to the Waco Division of the Western District of Texas under 28 U.S.C. § 1404(a).

Respectfully submitted,

**HALEY & OLSON, P.C.**
100 N. Ritchie Road, Suite 200
Waco, Texas 76712
Telephone:     (254) 776-3336
Telecopier:    (254) 776-6823

By:     */s/ Michael W. Dixon*
        MICHAEL W. DIXON
        State Bar No. 05912100
        RICK R. BRADLEY
        State Bar No. 24059479

        *Attorneys for Defendant Jon Gimble in his official capacity as McLennan County District Clerk*

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document will be accomplished through the notice of electronic filing in accordance with the Federal Rules of Civil Procedure on this the 25th day of September, 2024.

*/s/ Michael W. Dixon*
MICHAEL W. DIXON